RENDERED:  MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1205-MR

JOSEPH EVENER                                                                                    APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 23-CI-00347

CRAIG HUGHES, WARDEN;
COMMONWEALTH OF KENTUCKY;
AND VICTIMS COMPENSATION
BOARD                                                                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND McNEILL, JUDGES.

COMBS, JUDGE:  Joseph Evener, *pro se*, appeals the order of the Franklin Circuit

Court dismissing his petition for declaration of rights.  After our review, we affirm.

Following a crime spree in January 2020, Evener was indicted in

Clinton Circuit Court on several charges.  Based on Evener's plea of guilty, the

circuit court entered judgment on August 12, 2021.  The court found that the

victim of Evener's crimes sustained serious physical injury during a robbery, and Evener was sentenced to serve twenty-years' imprisonment.

The victim's sister, acting as her legal representative, filed a claim with the Public Protection Cabinet's Crime Victims Compensation Board (the Board). The Board was created to indemnify needy victims of criminal acts who might otherwise incur financial hardship and become dependent on public aid. KRS[1] 49.270. The Board has the authority to pay claims for certain expenses incurred because the victim sustained injury. KRS 49.370(3). Any award made to the victim must be reduced by the amount that the victim received from insurance, public funds, or any recovery from (or on behalf of) the person who committed the crime. KRS 49.390(1). Payment of benefits to a victim by the Board "creates a debt due and owing to the state by any person found to have committed such criminal act in either a civil or criminal court proceeding in which he is a party." KRS 49.470(1).

As part of its investigation, the Board learned that Evener's eighty-three-year-old victim sustained numerous injuries to her face and body as a result of closed-fist punches. Her injuries included a broken jaw and a broken femur. The victim required a blood transfusion and more than three months of

---

[1] Kentucky Revised Statutes.

rehabilitation. In an order issued by the Board's chairman, she was awarded $7,409.80.

In correspondence dated September 19, 2022, the Board notified Evener that he owed a debt to the Commonwealth in the amount awarded to his victim. The Board specifically advised him that the debt was separate and apart from any restitution that he had been ordered to pay by the circuit court. Evener was informed that he had a right to protest. He was provided specific information concerning the method by which he could do so and the relevant deadlines. The Board warned Evener that if he failed either to protest the debt or to pay it, the Public Protection Cabinet's Office of Claims and Appeals would take legal action to intercept his wages. The record does not contain a court order or judgment permitting the Board to collect on this debt. Attached was a form payment agreement pursuant to which Evener could agree to pay $10 per month to the Board until the debt was paid. Evener did not respond.

Eventually, the Office of Claims and Appeals filed a Notice of Intercept with Southeast State Correctional Complex, where Evener was incarcerated. The provisions of KRS 44.030(1) prohibit the state from paying money to any person who is indebted to the state. Therefore, the prison began deducting sums from Evener's state pay (consistent with provisions of Correction Policies and Procedures) and forwarding those amounts to the Board.

On April 20, 2023, Evener tendered to the Franklin Circuit Court a petition for declaration of rights. "Hon Craig Hughes, warden Commonwealth of Kentucky" was the only named respondent. Evener's motion to proceed *in forma pauperis* was granted, and he forwarded a $10.00 filing fee to Franklin Circuit Court. In the body of his complaint, Evener sought an order directing the Department of Corrections to cease deducting funds from his prison account and to reimburse him for sums already subtracted.

Two civil summonses issued. The first summons named "Natalie Life" of the Office of Claims and Appeals as defendant. John Atha (a postal technician at the Kentucky Finance and Administration Cabinet) signed for the mail upon its delivery on May 25, 2023. The return receipt did not indicate that service was made by certified mail, restricted delivery, or registered mail. The second summons was to be served by certified mail on Craig Hughes, the Warden at Southeastern State Correctional Complex.

On June 14, 2023, Natalie *Lile* (a staff attorney employed by the Office of Claims and Appeals) and the Office of Claims and Appeals made special appearances and filed a motion to dismiss. Counsel observed that neither Lile nor the Office of Claims and Appeals was named in the caption of Evener's petition for declaration of rights and that no specific allegations were made against Lile. Moreover, the petition included only "passing reference to the Crime Victims

Compensation Board, one of the three boards housed within [the Office of Claims and Appeals]." Finally, counsel noted that Evener's demand for relief was directed only at the Department of Corrections. Based on these factors, counsel challenged the sufficiency of service of process and the court's jurisdiction over Lile and the Office of Claims and Appeals.

On August 21, 2023, Evener filed a motion "to amend and supplement the tendered pleadings" in which he explained that he wanted appellate review of the Board's decision. He contended that his legal aide's failure to understand the proper procedure to do so resulted in the denial of his right to appeal in violation of both state and federal constitutional provisions. Evener asked the court to dismiss the Department of Corrections as respondent and to restyle the action as an appeal from the Board's decision.

On August 28, 2023, Hughes filed a motion to dismiss. Hughes argued that Southeastern State Correctional Complex properly intercepted state funds paid to Evener. By order entered September 11, 2023, the circuit court ordered the petition dismissed. This appeal followed.

On appeal, Evener argues that the Franklin Circuit Court erred by dismissing the petition because the Board's action deprived him of due process, violated principles related to the separation-of-powers doctrine, and breached his plea agreement by requiring that he pay restitution. Because no action was

properly commenced against the Board, we agree that the circuit court lacked the necessary jurisdiction. Consequently, it did not err by dismissing the action.

Jurisdictional issues are questions of law and thus are reviewed *de novo*. *Appalachian Reg'l Healthcare, Inc. v. Coleman*, 239 S.W.3d 49 (Ky. 2007). A civil action is commenced by the filing of a complaint with the court and the issuance of a summons in good faith. CR[2] 3.01. Our rules of civil procedure require that service upon the Commonwealth or any state agency be made by serving the Attorney General or an Assistant Attorney General. CR 4.04. It is undisputed that no summons issued in the name of the Attorney General or any Assistant Attorney General in this case, nor was a copy of the petition for declaratory relief served upon him or any of his assistants. Evener never made an attempt to have such a summons issue, and he presents no argument to excuse his failure to do so. A civil action was never commenced against the Board.

Therefore, we affirm the order of the Franklin Circuit Court.

ALL CONCUR.

---

[2] Kentucky Rules of Civil Procedure.

BRIEF FOR APPELLANT:

Joseph Evener, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE
CRIME VICTIMS COMPENSATION
BOARD:

Shelby Bevins-Sullivan
Frankfort, Kentucky

BRIEF FOR APPELLEE CRAIG
HUGHES:

Mark F. Bizzell
Frankfort, Kentucky